defense. Family. Hello, morning, your honors. May it please the court. I am Jamie Montgomery with the Office of the State Appellate Defender appearing today on behalf of Ricardo Barra, the defendant appellant. Now, this case presents what appears to be an issue of first impression, that being what constitutes the offense of grooming. This is not a case about whether the state can choose whatever it wants to choose. Obviously, the state can choose whatever offense they want to, that they can get a grand jury indictment for. Here, a grand jury indictment, excuse me, a valid indictment issued, but the facts of this case simply do not support the offense charged. The facts here are not in dispute. At a stipulated bench trial, the evidence established the defendant sent a text message to an 11-year-old girl, JD, that graphically stated his desire to be with her engaging in sexual intercourse. It's not our position that these actions are entirely innocent or that they don't constitute some other offense. Rather, we are arguing that his actions do not satisfy the elements of the grooming offense charged here. Now, the grooming... Was there a motion in this file alleging that the indictment did not state an offense? I do not recall. I don't... But even if there wasn't, it's not waived. It's one of those that you can raise on appeal. My curiosity, though, is that there was no pretrial determination, correct? Correct. So this was a defense at trial? Yes. The defense of trial was that this didn't satisfy it. There was also a motion to suppress evidence that was... The reason for the stipulated bench was to preserve that issue. We are not pursuing that on appeal. Could the defendant have been charged with conspiracy to commit the offense of predatory, criminal, sexual assault based on an agreement? Maybe. I mean, I think there's probably a number of offenses he could have been charged with in defenseless association of a child. Originally, he was charged with, like, telephone harassment or disorderly conduct or something. As you said, there was a multitude of theories the state could have advanced, correct? Correct. And the reason I asked about conspiracy is because the conspiracy, the law provides that it's not a defense to conspiracy that the victim has the capacity to commit the offense. So same here. The victim can't commit the offense, but the defendant is charged with soliciting a child to commit the offense. Similar to conspiracy, you can conspire with a child to commit an offense, whether it be a sexual offense, a burglary, arson, murder. The child can't be charged. That's not a defense to conspiracy based on an agreement. Would you agree? Yes. Okay. So the grooming statute prohibits a person from knowingly, and the statute uses a lot of terminology. I'm going to condense it down to using one of each of the multiple options given. So it prohibits a person from knowingly using an electronic device to entice or attempt to entice a child or a child's guardian or someone believed to be either of those people to commit any sex offense or engage in any sexual conduct with a child or one believed to be a child. So when it's brief, the state takes the position that it's absurd to, I'm sorry, I'm going to step back, that the grooming statute is ambiguous. Now, admittedly, the statute is somewhat difficult to understand, and this legislature could have undoubtedly written it in a less complicated manner, but when you, there's a difference between something that is difficult to understand and something that is truly ambiguous. But here, when you unpack the run-on sentences, what emerges is a statute that prohibits a person from grooming or attempting to groom a child or child's guardian to engage in unlawful sexual activity with a child. The state argues... Is that the, I mean, you know, they use the word grooming to title this It is not my common understanding of the word grooming. You know, the phenomena of grooming comes up in lots of child sex abuse cases, and experts will testify about what grooming behavior is, and typically it doesn't seem to be trying to convince a child to commit a sex offense with another child. However, I think the use of the term grooming perhaps gets at what we believe this legislature intended to prohibit here, which is using, you know, recognizing that there are people out there, individuals and interest groups like NAMBLA, that seek to normalize sexual activity among children, and perhaps the idea was to prohibit people like that, groups like that, from grooming or, you know, using the internet to convince others that this is okay. To prohibit all adults who are soliciting children online. Correct. They just, the General Assembly grabbed a term of a heart in the whole arena of child sexual abuse to label that particular statute. They could have used online, they could have used some other term, but solicitation was already being used, so they chose grooming. Well, I think there's a little bit of a different spin here between solicitation and this grooming statute, because the solicitation is really arguing or attempting to convince someone to, to convince a child, or an adult in the case of indecent solicitation of an adult, to engage in sexual activity with the person who is doing the communication. Well, solicitation is also with specific intent of crime, correct? Correct. Grooming is not, is it? Grooming is not, but the attempt... So it's different than solicitation. Well, it requires, it requires a knowing, but the intent, the crimes that it covers have specific intent to them as well. What about attempt? Predatory criminal sexual assault. Would somebody who merely put out, in the case of your client, but he never meets with that person, never goes to a location to meet that person, he could not be charged with attempt, or he could have been charged, but would that be a substantial step, just a mere online communication? I think that would be something that certainly would be an issue for the jury. I, as a defense attorney, would have arguments against that, but I can also see a jury, you know, finding that this conversation, this text, was, you know, enough to go there. But, but that's not what he was charged with. He was charged with grooming, and I think grooming is meant to, you know, widen the scope of activity that we're going to prohibit people from engaging in to further protect children, and try to, you know, quell, rather than, you know, the state says that our interpretation as, you know, it shouldn't be believed because it turns children and their guardians into accomplices. It doesn't turn them into accomplices. What, what the act of grooming, as the statute says, does would turn them into advocates for sexual activity with children. So if you are engaging in a conversation, or, you know, texting back and forth with the child, trying to convince them that, you know, you know, I, your, your friend is really pretty. You should tell her to, you know, give me a call sometime, and then it goes from there. I mean, it's, it's like trying to get them to then maybe convince their friend that it's okay that, you know, you talk to this older person, or whatever. But it's, it's really getting at something different than, than solicitation, because as argued in the briefs, we already have indecent solicitation statutes. Well, under, under the state's interpretation, here's, you say we already have this indecent solicitation. Under the state's interpretation, would a person guilty of grooming always be guilty of solicitation? No, I don't think so. So then how is that covered? I mean, if we already have solicitation, then what, what would, what would your client potentially be charged with if he didn't actually solicit a sexual act? Well, actually, he could be guilty of indecent solicitation under Section A5, which there's a Section A6 of the solicitation statute that says it's not a defense to indecent solicitation, that you didn't actually solicit the person to engage in activity. So I think that had he been charged, perhaps under that section, they may have been able to get a conviction under that section by arguing that, you know, he didn't, he didn't say, you know, something as boldly as, you know, solicitation might be seen as, but you can see where this is going or that sort of thing. That sounds like grooming to me. If you don't solicit a sex act, but you're going toward that direction and trying to entice the child to do something. That sounds like the common understanding of grooming. Yeah, but grooming is not with the person. The grooming statute is trying to solicit them to engage in activity with another child. The last part, you know, this gets us to the comma debate. And I don't, you know, I think I'm reasonably well acquainted with the rules of grammar, although I don't purport to be an expert on grammar. And I'm not going to pretend that I can definitively answer what the comma means or doesn't mean. But, you know, grammarians don't agree about where commas belong either. And if we look at the statute after the to commit clause, you know, the last part of the statute where it says to commit, that's what And that is, you know, it's a sexual offense or sexual conduct with a child. And to otherwise engage in any unlawful sexual conduct. Yes. And, you know, that that encompasses, you know, sex offense. There are, as noted in my research, sex offenses that minors can commit against other minors. And, you know, there's other sexual activity amongst minors that would fall under the, you know, sexual conduct, unlawful sexual conduct. You're getting into hypotheticals now, but can you address the state's argument that your interpretation violates the first principle of statutory construction, that the General Assembly does not intend to observe results? Um, I guess my response is I don't think that this is an absurd result. I think it's completely logical and reasonable that the legislature would have written a statute that addresses a different action, a different, you know, prohibited act than what we've already prohibited. And, you know, I'm at a little bit of a disadvantage here because from legislative debates, it getting the statute directed. So I'm not. Do you have any concern about that? Because I wrote dozens of laws, post conviction, DNA testing. I wrote the law that incorporated the right to enact an actual innocence claim in the post conviction DNA case, punishing more harshly DWLRs and DWIs. I mean, I would have to recuse myself from probably 75% of criminal cases if that were the case. I trust that your owner would recuse himself if he felt he was unable to be heard. I dare not. So with that in mind, solicitation requires specific intent. Grooming does not. You agree to that? Yes. So if the state had charged your client with solicitation, the defense would have been he had no specific intent. He was just talking. Right. Yeah, that would not be a defense to grooming. Well, the other issue here is that he, his just like attempt, which is a specific intent. He could not be charged or he could have been, but the state would be up against the wall trying to prove specific intent if the defendant took no other steps towards it. Do you understand the point? There's the thing is that the defense here is that he didn't, the statute as it's read, says that he has to try to solicit her to engage in a sex offense or so. Regardless of, you know, his intent, what we have here is, I don't want to say regardless of his intent, but what we have here is a text message that says what he wishes he was doing with her. It in no way encourages her to engage in activity with another child. Therefore, it does not meet the elements of this offense. Isn't the legislative intent, though, to protect children from adults, not to protect children from children? There are, that is an, a legislative intent. I believe there's also a legislative intent to protect children from people who would try to convince children to do things to other children, which is an indirect way of, you know, it's expanding the protection from people who are directly preying on children to people who are preying on children indirectly by getting someone else to do it to a child. Yeah, it covers, it covers the guardian of children so that a person can solicit or online request that the guardian of a child, you know, produce that child for a sexual act, correct? With a child. It covered, it's very broad, in other words, correct? Yes, it's broad, but it's also specific because to be solicitation of an adult covers similar conduct, but doesn't require that the adult be a guardian. This specific, this statute specifically requires guardians. Would, would, would this also be, if you actually solicited a child to perform an act of sexual conduct with another child, wouldn't that also be in this case a solicitation of a child? Yes. And I think in that instance, a prudent prosecutor would charge both offenses. And here we have one offense charge, which the defendant's actions don't satisfy. So my time is up. Mr. Stevens. Good morning, Your Honors. I apologize in advance if my thoughts seem a little scattered. I unfortunately left my argument notes on my desk this morning when I went to find something else. So this is a real test. That's all the memory. I hope I'm up to it. I also hope this wasn't called in order to chat me for telling a cool panda story, but I thought it was illustrative of a point of grammar. That's not why it was called. Good. So we do have a basic debate here or disagreement here. The defense feels that the statute is intended to basically prevent others from soliciting children to commit sex crimes. I would say I had three arguments in favor of my interpretation. That is the grammatical, the logical, and the legislative history. So first, the legislative, the logical would be that doesn't really make sense to me. This is a rather Byzantine way to do it. You can, you know, if you want to charge the defendant, he's an accomplice to the crime, that he would be participating in with the child, I think. Um, grammatically speaking, I think I'll just leave that as it is. Um, you know, you will read this however you read it. Uh, to me, it seems like, um, this statute starts off with person, um, as the, as the potential defendant using the internet in all myriad ways. And then in addition to that, seducing, et cetera, or attempting to seduce a child or a guardian or someone that they think, you know, it's a very ominous kind of a thing, everything you can use the internet to do, and that all relates back to his action in order for that person to commit a sex crime, to facilitate that. That's the first clause to commit any sex offenses defined in section two. The second clause of that statute says to distribute photographs depicting the sex organs of the child. So let me ask you this. If in fact, the defendant in this case solicited the victim to send him a naked photograph of her, okay. Would he be guilty of grooming? I think so. Yeah. Well, but in that case, what if he just kept it in his phone? I'm sorry. What if he just got it on his phone? He just kept it in his phone and never sent it anywhere? Um, okay. Um, to distribute or otherwise engage, I mean, you know, honestly, I'm not sure. I mean, logically, we're talking logically that if I, if I a defendant and I get some child to send a naked picture to me, that that's a part of grooming and that might very well fit under the statute. But according to your common argument, I would then have to distribute the picture in order to be guilty of this offense, as opposed to just soliciting it and then keeping it to myself and having the child distribute it to me. But if I didn't actually distribute it, then, you know, a kid. Unless you interpret distribute to be the act of transmission over the internet. Getting it. Yeah. So requesting a child to distribute it to you, to you. Yeah. That could be to distribute to any person, including the offender. Right. Which gives us this in the legislative history. Again, that's a child distributing. And the defense argument is the child's committing the sex offense. So you have the comma to commit defense argument is the child's committing the sex offense, and then along that same line, comma distribute the child. I mean, you have a sender and a receiver. So it was the, I don't know, you know, it wasn't argued that way. Isn't it similar to conspiracy? A child can engage in an agreement to commit an act, even though that child could not be charged. That does not mean the person who is charged has a defense to the charge. Um, although the legislature did not write that into the statute. Um, yeah, that does seem like a logical point to be made. Um, yes. Again, this is a very flexible, it was intended, obviously, to be a very flexible statute, um, and very directed internet use, as I say, um, the debates back and forth, I think make clear that the internet can be, um, abused in so many different ways for so many different purposes. And this was an attempt that focused more on the use of the internet, in my opinion, from this, from what discussion we have from the legislative history, um, as I pointed out, it's not an age limited thing like the other, um, other sex crimes tend to be. Um, and, um, it could have been intended to cover something like sexting for all. I know maybe that, um, when you're not in a committee discussion and so on, that sort of thing, you have what's in the legislature, but that seemed to me to be the most logical way to, um, to interpret this statute. Um, I can't really add too much more than that. Are there no further questions? Thank you very much. Ms. McConnell, you may proceed with your model item. I just wanted to point out, um, before we get into it too much, that the portion of the statute that, that has the distributing, um, the, uh, photographs of the child is in the 2015 version of the statute, the version we're talking about in this case is the 2013 version. Yeah. Um, and you know, the legislative history is not as clear as one might hope, um, to see in legislative history. You know, the debates, I'm sure your honors are familiar with it, but the debates talked about, um, that, uh, you know, there was some, uh, request on, uh, Justice Burkett's side to get, uh, legislation passed this, you know, I would point out too, that in addition to in this public, I'm sorry, in the bill where this was passed, there was an additional bill passed that was, um, traveling to meet a minor. So it's a little unclear in the debates, what is discussion of intent for that versus grooming? Um, however... Is that where the Dateline NBC comments come in, in the traveling to meet as opposed to the meeting? I think so. I mean, of course, one might be soliciting a child online and then traveling to meet and, you know, I'm not sure what case the, um, legislators were talking about, they don't say. Um, I think they were just talking generally about the nature of that program where the people are, you know, caught. Yeah. And Representative Mathias specifically mentioned some case that didn't go the way they had hoped or something. Um, but you know, I think that the legislative history can be read to support the argument that we are making also, um, that, you know, Mathias got out there and was, um, proposing the bill and Representative Fritchie voiced his concerns that this duplicated the indecent solicitation statute. And, you know, noted that he was involved in writing that statute. And that his main concern was that this was, this punished the same behavior less severely than the indecent solicitation statutes. So then they go off the record and Mathias and Fritchie talk, and I believe it's a day or two later, the bill gets recalled and Mathias comes on the record and says that he and Fritchie have discussed the, um, concerns and that Fritchie no longer has any concerns. And then they move right for a vote and it's passed unanimously. So, you know, I think, of course, we don't know what happened in that conversation, but I think it's completely reasonable to think that, you know, Fritchie sat down with Mathias or whoever and read the bill and saw, no, this punishes something different than indecent solicitation. And it's, you know, it's a step removed from direct solicitation. And therefore it's, you know, it makes sense that it would be... direct solicitation of sexual conduct, as opposed to, if you have some other evidence that a person was grooming a child and they were, you know, sending them maybe somewhat innocuous texts and sending gifts and giving gifts to the parents and things of that nature, but then you have some other evidence that showed that they were doing this for the purpose of trying to get to that child for sexual abuse, but you don't have a direct solicitation of a sexual conduct to the child. I mean, that's, again, it's lesser accounting. Maybe that's what they were talking about. Right. And the penalties issue, as you mentioned, the statute did give prosecutors, I think you mentioned this earlier, more flexibility, depending upon the nature of the act, criminal history, age, et cetera, for charging purposes, similar to forgery, unlawful use of credit cards, it could mean both. We have all kinds of statutes that have provisions with similar elements, or in some cases, identical elements, but they're routinely appelled. Yes. And, you know, and I don't, and as I said, we don't disagree that the state has the power to charge whatever offenses it feels it can prove. Here, it didn't prove grooming. And that's what the argument is. And the primary argument, again, is that the child cannot commit the offense. Therefore, the defendant can't be guilty of grooming by soliciting that, or grooming that particular child. Correct. It has to be some other child. Yes. And here, he didn't ask or, you know, try to entice JD to do anything to anybody else, which is why this doesn't constitute grooming. And, you know, looking at the legislative history, our interpretation of the statute is just as reasonable as the state's. And so if we're going to say that this is an ambiguous statute, the rule of lenity requires that this court find in favor of the defendant, and therefore, for all these reasons and those presented in our brief, we'd ask this court to reverse Mr. Barr's conviction outright. We thank both attorneys for their arguments today. In case you'd be taking a revision, we'll recess to the next case. Thank you.